BEFORE THE SECOND DIVISION, SEPTEMBER 12, 1945

**No. 50461.**—Petitions 6473–R, etc., of Brown Co. (Portland, Maine).

Opinion by LAWRENCE, J.   At the trial the witness for the petitioner testified that he hired second-hand automobile trucks in Canada for use in the woods of Maine and New Hampshire; that the instant trucks were hired in December 1943 and remained in this country about 3 months when they were returned to Canada; that he based the entered values upon his familiarity with those given in prior entries; and that in making entry he took into consideration every element of value entering into the price of the merchandise, including the amount of depreciation due to wear and tear, and that the amount stated represented the fair value in Canada for each particular truck.   Government counsel stated that his report of investigation in this case showed that the evidence did not indicate an attempt to defraud.   From an examination of the record and a consideration of the facts in the case it was held that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or to misrepresent the facts of the case. The petitions were therefore granted.

**No. 50462.**—Petition 6467–R of Armand Dumoulin (Portland, Maine).

Opinion by LAWRENCE, J.   It was alleged in the petition "that the merchandise was not purchased in Canada, but was just rented for temporary use in the United States."   At the trial the petitioner testified that the invoice price represented the amount actually paid by him; that the trucks were second-hand; that the price paid was the only value existing in Canada for trucks like those imported; and that he knew of no other value.   Government counsel stated that the report of a customs agent in this case indicated that the entry was apparently made with no intention to defraud.   From an examination of the record and full consideration of the facts in the case the court was satisfied concerning the good faith of the petitioner.   It was held that there was no intention to defraud the revenue of the United States or to conceal or to misrepresent the facts or to deceive the appraiser as to the value of the merchandise.   The petition was therefore granted.

BEFORE THE THIRD DIVISION, SEPTEMBER 12, 1945

**No. 50463.**—Protests 989741–G, etc., of Asia Co. et al. (Los Angeles).

Opinion by CLINE, J.   It was stipulated that the merchandise in question is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance with stipulation of counsel the merchandise represented by the items marked with the letter "A" on the invoices was held free of duty under paragraph 1705 as kelp, and that represented by the items marked with the letter "B" on the invoices was held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.   The protests were sustained to this extent.